USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/17/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IN RE: MAJOR MODEL MANAGEMENT INC.,    :    Chapter 11
           Debtor,  :    Subchapter V
------------------------------------------------------------------X    Case No. 22-10169
PEDRO AGRA,        :
        :
        Plaintiff,  :    Adv. Pro. No. 23-1135
        :
    -against-      :
        :
GUIDO DOLCI, NADIA SHAHRIK, MASSIMO  :
TACCHINI, MAJOR MODEL MANAGEMENT  :
INC., MAJOR MIAMI LLC, GEMIDE SRL, &  :
MENSBOARD MANAGEMENT, INC.,    :    OPINION & ORDER
        :
      Defendants.  :
------------------------------------------------------------------X
PEDRO AGRA,        :
        :
      Appellant,  :    23-CV-7657 (VEC)
        :
    -against-      :
        :
MAJOR MODEL MANAGEMENT INC.,    :
        :
      Appellee.  :
------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

Pedro Agra ("Appellant"), proceeding *pro se*, appeals an order of the Bankruptcy Court

for the Southern District of New York (Martin Glenn, B.J.) (the "Bankruptcy Court") dismissing

the Complaint he filed against Major Model Management Inc. ("Appellee" or "Debtor") in an

adversary proceeding.  For the reasons discussed below, the decision of the Bankruptcy Court is

AFFIRMED, and the case is DISMISSED.

1

## BACKGROUND[1]

Appellant is a former fashion model who worked for Major Model Management Inc. ("MMM").  Appellant Br. at 5, Dkt. 28.  Appellant alleges that from 2010 to 2020 he was sexually harassed by an employee of MMM.  *Id.* at 5–6.  In December 2020, Appellant, *pro se*, filed a workplace sexual harassment complaint with the New York State Division of Human Rights ("NYSDHR") against Appellee and two of its employees.  *Id*. at 8.  On February 11, 2022, following a fourteen-month investigation, NYSDHR issued its final investigative report finding probable cause and recommending the matter for a public hearing.  *Id.*  On the same day, Appellee filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code.  *Id.* at 9.

On April 18, 2022, Appellee amended its disclosure schedules to identify Appellant as an unsecured creditor with a disputed claim.  MMM's Amended Schedules at 100, Bankr. Dkt. 64.  On April 20, 2022, the Bankruptcy Court set June 6, 2022, as the Bar Date for filing proofs of claim.  April 20, 2022 Order, Bankr. Dkt. 67.  Notice of the Bar Date was promptly mailed to Appellant at his New York address.  Appellee Br. at 6, Dkt. 31.  The Bankruptcy Court scheduled a confirmation hearing for June 27, 2023.  *Id.*  Appellant did not file a proof of claim before the Bar Date.  *In re Major Model Mgmt. Inc.*, No. 22-10169, 23-1135 (Bankr. S.D.N.Y. Aug. 18, 2023) ("Bankr. Op.") at 11, Dkt. 1–1.

Approximately 10 months after the Bar Date and two months before the confirmation hearing, NYSDHR scheduled a pre-hearing settlement conference on Appellant's claim.

---

[1]    The facts and procedural history are gathered from the parties' appellate briefs and the Bankruptcy Court's decision.  All facts are undisputed unless otherwise noted.  The Court will refer to the relevant submissions as follows: Appellant's memorandum of law in support of his appeal, Dkt. 28, as "Appellant Br."; Appellee's memorandum of law in opposition to Appellant's appeal, Dkt. 31, as "Appellee Br."; and Appellant's reply in further support of his appeal, Dkt. 35, as "Appellant Reply."

Appellant Br. at 14. The following day, Appellee informed NYSDHR of its Chapter 11 case and requested a stay of the NYSDHR proceedings. *Id*. at 14–15. On May 5, 2023, NYSDHR stayed the proceedings and advised Appellant to file proof of claim with the Bankruptcy Court. *Id.* at 15.

On June 12, 2023, Appellant objected to the Debtor's Plan for reorganization. Bankr. Op. at 4. Because Appellant had not filed a proof of claim, pursuant to Section 1126(a)(1) of the Bankruptcy Code, Appellant's objection was not considered. *Id.*; *see* Fed. R. Bankr. Pr. 3003(c)(2) (a creditor whose claim is scheduled as disputed who does not file a timely proof of claim is not treated as a creditor for purposes of voting on the plan for reorganization). On June 26, 2023, Appellant filed an adversary proceeding against Appellee and others in the Bankruptcy Court. Bankr. Op. at 4. The following day, the Bankruptcy Court held the previously-scheduled confirmation hearing; the Plan was confirmed on June 28, 2023. *Id.*

The Bankruptcy Court granted Appellee's motion to dismiss Appellant's Complaint as to the Debtor and denied Appellant's request, made in his opposition to the motion to dismiss, for leave to file a late proof of claim. *Id.* at 2. Appellant appealed. Not. of Appeal, Dkt. 1.

<strong>DISCUSSION</strong>

**I.    Legal Standard**

District courts have appellate jurisdiction over bankruptcy court rulings pursuant to 28 U.S.C. § 158(a)(1). *In re Ditech Holding Corp.*, No. 23-CV-7194, 2024 WL 1342811, at *2 (S.D.N.Y. Mar. 29, 2024). "A district court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*." *In re Thakur*, 498 B.R. 410, 418 (S.D.N.Y. 2013) (citing *In re Overbaugh*, 559 F.3d 125, 129 (2d Cir. 2009)). "A finding of fact is clearly erroneous if, after reviewing the evidence as a whole, 'the reviewing court is left with the

3

definite and firm conviction that a mistake has been committed.'" *Id*. at 418–19 (quoting *In re AMR Corp.*, 490 B.R. 470, 475 (S.D.N.Y. 2013)).  District courts should not overturn bankruptcy court decisions "if an error is harmless, meaning the error 'is not inconsistent with substantial justice or does not affect the substantial rights of the parties.'" *Morse v. ResCap Borrower Claims Tr.*, No. 14-CV-5800, 2015 WL 353931, at *3 (S.D.N.Y. Jan. 26, 2015) (quoting *In re Cavalry Constr., Inc.*, 428 B.R. 25, 42 (S.D.N.Y. 2010), *aff'd*, 425 F. App'x 70 (2d Cir. 2011)).  A district court "may affirm [the bankruptcy court's decision] on any ground that finds support in the record, and need not limit its review to the bases raised or relied upon in the decision[ ] below." *Freeman v. J. Reg. Co.*, 452 B.R. 367, 369 (S.D.N.Y. 2010) (citing *Borrero v. Conn. Student Loan Found.*, No. 97-CV-1382, 1997 WL 695515, at *1 (D. Conn. Oct. 21, 1997)).

Courts grant "special solicitude" to *pro se* litigants.  *In re 477 West 142nd St. Hous. Dev. Fund Corp.*, No. 20-CV-6771, 20-CV-7458, 20-CV-7459, 2022 WL 2093418, at *6 (S.D.N.Y. June 10, 2022).  To that end, filings of *pro se* litigants are "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted); *see also Tartt v. City of New York*, No. 12-CV-5405, 2014 WL 3702594, at *2 (S.D.N.Y. July 16, 2014) (quoting *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010)) ("Courts should go to lengths to ensure that inexperienced *pro se* litigants do not inadvertently forfeit rights or winning arguments; this 'special solicitude' includes a liberal construction of papers and a flexibility on some otherwise-rigid procedural rules.").  Although the Court shows "special solicitude" to *pro se* litigants, they must still satisfy the relevant legal standards for their claims to succeed.  *See Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (noting that proceeding *pro se* "does not exempt a party from compliance with relevant rules of procedural and substantive law") (citation omitted).

## II.    The Adversary Complaint Was Properly Dismissed Because Appellant's Claims are Time-Barred

Appellant argues that the Bankruptcy Court erred when it dismissed his Complaint because he did not receive sufficient notice of the Bar Date to satisfy due process.[2]  Appellant Br. at 34–35.

Appellant concedes that he received notice of the Bar Date, Agra Decl. ¶ 22, *Agra v. Dolci, et al.*, No. 23-1135, Adversary Dkt. 9, but he advances several arguments why that notice was inadequate.  First, he argues that the notice was inadequate because his NYSDHR complaint was not initially scheduled in Appellee's bankruptcy filings.  Appellant Br. at 35.  Second,

---

[2]    Appellant makes two other arguments that this Court need not consider because his claims are time-barred: Appellee's debt should be non-dischargeable under 11 U.S.C. § 523(a), and Appellee's Chapter 11 petition was filed in bad faith.  Appellant Br. at 23, 42.  Additionally, Appellant raises a new argument on appeal.

The Bankruptcy Court did not determine whether Appellant's claims are non-dischargeable because the claims were untimely.  Bankr. Op. at 13.  The question whether Section 523(a) applies to a corporate debtor that confirms a consensual plan is a matter of first impression in the Second Circuit.  The courts within this Circuit that have interpreted Section 523(a) in the context of corporate debtors have all concluded that the exemption does not apply to corporations.  *Fantigrossi v. Am. Eagle Airlines, Inc.*, No. 13-CV-6220, 2017 WL 766357, at *5 n.3 (W.D.N.Y. Feb. 28, 2017) (collecting cases).  The Court is not inclined to weigh in on that issue based on arguments made by a *pro se* litigant when it is unnecessary to do so.

As to Appellant's argument that Appellee filed for bankruptcy protection in bad faith, the Bankruptcy Court held that Appellant had not plausibly alleged that Appellee's petition was filed in bad faith.  Bankr. Op. at 13–15.  When considering whether a bankruptcy petition was filed in bad faith, Courts must assess all relevant factors; the ultimate inquiry, however, is whether it was clear on the filing date that "there was no reasonable likelihood that the debtor intended to reorganize and no reasonable probability that it would eventually emerge from bankruptcy proceedings."  *In re AAGS Holdings LLC*, 608 B.R. 373, 382 (Bankr. S.D.N.Y. 2019) (quoting *Baker v. Latham Sparrowbush Assocs.*, 931 F.2d 222, 227 (2d Cir. 1991)).  In this case, the Bankruptcy Court confirmed a reorganization plan that received no objections from any of Appellee's 800 plus creditors.  June 28, 2023 Order, *In re Major Model Mgmt. Inc.*, No. 22-10169, Bankruptcy Dkt. 162.  Accordingly, there is no basis for finding that the petition was filed in bad faith.

Appellant's new argument on appeal is that the Bankruptcy Court should have applied issue preclusion to prevent the dismissal of Appellant's complaint based on NYSDHR's finding of probable cause.  Appellant Br. at 47.  Appellant waived this issue by failing to raise it before the Bankruptcy Court.  *In re DPH Holdings Corp.*, 468 B.R. 603, 619 (S.D.N.Y. 2012).  Even if Appellant had made this argument below, it would not change the outcome.  Issue preclusion would not apply because NYSDHR's finding of probable cause was not a final judgment on the merits.  *See Dollman v. Mast Indus., Inc.*, No. 08-CV-10184, 2011 WL 3911035, at *1 (S.D.N.Y. Sept. 6, 2011) (internal quotation marks omitted) (noting that an NYSDHR probable cause determination only addresses "the question of probable cause, i.e. that there is sufficient evidence of . . . discrimination and retaliation . . . to warrant a public hearing").

Appellant argues that the notice he received was deficient because Appellee did not seek a stay of the NYSDHR proceedings until April 2023, almost one year after the Bar Date. Appellant Reply at 9, Dkt. 35. Finally, Appellant argues that Appellee fraudulently concealed his workplace sexual harassment complaint on its schedules, thus violating Appellant's due process rights. *Id.* at 9–10.

Appellee responds that because Appellant received *actual* notice of the Bar Date on April 22, 2022, and because the Bankruptcy Court approved the form of notice, the notice of the Bar Date was adequate, and Appellant's due process rights were not violated. Appellee Br. at 16; April 12, 2022 Order, *In re Major Model Mgmt. Inc.*, No. 22-10169, Bankruptcy Dkt. 56.

Bar Dates are "critically important to the administration of a successful chapter 11 case," "serve as an integral part of the reorganization process" by allowing for "the efficient administration of bankruptcy cases," and are "strictly enforced." *In re Ditech Holding Corp.*, 2022 WL 1750997, at *9 (citations omitted). "[D]ue process is met if notice [of the Bar Date] is reasonably calculated to reach all interested parties, reasonably conveys all of the required information, and permits a reasonable amount of time for response." *DePippo v. Kmart Corp.*, 335 B.R. 290, 295 (S.D.N.Y. 2005) (internal quotation marks and citations omitted). Accordingly, a creditor's late claim may be constitutionally discharged where the creditor had reasonable notice of the bankruptcy proceeding and relevant bar dates. "[I]t is well established that due process is not offended by requiring a person with actual, timely knowledge of an event that may affect a right to exercise due diligence and take necessary steps to preserve that right." *In re Medaglia*, 52 F.3d 451, 455 (2d Cir. 1995). Notice by mail satisfies the requirements of due process. *In re Nutri*Bevco, Inc.*, 117 B.R. 771, 780 (Bankr. S.D.N.Y. 1990) (citing *Weigner v. City of New York*, 852 F.2d 646, 651 (2d Cir. 1988)).

6

When a claimant receives actual notice that unequivocally provides the last date by which he or she must file a proof of claim, any claims brought after the specified date are time-barred, absent a showing of excusable neglect. *See Conway Hosp., Inc. v. Lehman Bros. Holdings Inc.*, 531 B.R. 339, 344 (S.D.N.Y. 2015); *In re Nutri\*Bevco, Inc.*, 117 B.R. at 786. *See also In Re Drexel Burnham Lambert Grp. Inc.*, 129 B.R. 22, 26 (Bankr. S.D.N.Y. 1991) (holding a claim was barred where the creditor "received actual notice of the bar date and did not file a timely proof of claim").

The Bankruptcy Court correctly found that Appellant had received actual notice of the Bar Date and that the notice complied with due process. Appellant conceded that he received notice of the Bar Date in May 2022 but "took no action until nearly a year later" when he objected to the Plan. Bankr. Op. at 11.

Appellant's due process argument is utterly unconvincing. He argues that he did not receive adequate notice of the Bar Date because his NYSDHR claim was not adequately scheduled in Appellee's bankruptcy filings and because Appellee fraudulently represented to the Bankruptcy Court that Appellant was scheduled "for notice purposes only."[3] Appellant Br. at 35. The Bankruptcy Court noted that an "NYSDHR claim" was listed on the schedules and was listed as "disputed." Bankr. Op. at 19. Appellant's argument that Appellee owed him a duty to further specify in the schedules that the "NYSDHR claim" was Appellant's NYSDHR claim is misguided. Appellee was under no obligation to provide further explanation. *See In re Tronox Inc., et al.*, 626 B.R. 688, 723 (Bankr. S.D.N.Y. 2021) ("More specific notice to each claimant of

---

[3]    Appellant argues that Appellee made a fraudulent representation to the Bankruptcy Court because Appellee's counsel advised the Bankruptcy Court that she *believed* that Appellant's claim was *not* listed for notice purposes only. Appellee Br. at 17 n.4. The Bankruptcy Court, however, did not rely on Appellee's counsel's mistaken recollection; the Bankruptcy Court's decision acknowledged that Appellant was identified on the Debtor's Schedules "for notice purposes only." Bankr. Op. at 19.

the nature of each claimant's own injuries and claims [is] not feasible and [is] not required by due process.") (citing *Castleman v. Liquidating Tr.*, No. 06-CV-1077, 2007 WL 2492792, at *9 (N.D.N.Y. Aug. 28, 2007)).  *See also DPWN Holdings (USA), Inc. v. United Air Lines, Inc.*, 871 F. Supp. 2d 143, 157 (E.D.N.Y. 2012) ("A claimant that receives notice of bankruptcy proceedings has a duty to reasonably investigate what debts it is owed.").

In short, the Bankruptcy Court correctly held that Appellant was aware of his claim and the Bar Date but failed to file proof of a claim.  Bankr. Op. at 19.  Appellant's contention that he was denied due process, despite his own inaction, is baseless.  Because Appellant failed to file a timely proof of claim, he has no claim against the Appellee to pursue.  Accordingly, the Bankruptcy Court did not err when it dismissed the Complaint as time barred as to the Debtor.

### III.     The Bankruptcy Court Did Not Abuse Its Discretion In Denying Leave to File a Late Proof of Claim

Appellant contends that the Bankruptcy Court abused its discretion when it denied him leave to file a late proof of claim.  Appellant Br. at 44.

The Bankruptcy Court has discretion "to enlarge the time to file claims where the failure to act was the result of excusable neglect." *In re Lehman Bros. Holdings Inc.*, 433 B.R. 113, 119 (Bankr. S.D.N.Y. 2010) (internal quotation marks omitted); Fed. R. Bankr. P. 9006(b)(1).  The Supreme Court has established a four-factor test to guide bankruptcy courts in their evaluation of whether there has been "excusable neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  Courts must consider "[1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id*.  (citation omitted).  In applying the *Pioneer* test, the Second Circuit focuses "on the reason for the delay, and specifically whether the delay was in

8

the reasonable control of the movant." *In re Lehman Bros. Holdings Inc.*, 433 B.R. at 119–120 (citation omitted). "[T]he equities will rarely if ever favor a party who fail[s] to follow the clear dictates of a court rule . . . and where the rule is entirely clear . . . a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *In re Enron Corp.*, 419 F.3d 115, 123 (2d Cir. 2005) (citation omitted).

Appellant argues that the Bankruptcy Court interpreted "excusable neglect" to prioritize not prejudicing Appellee and, in doing so, ignored circumstances that, Appellant argues, were beyond his control. Appellant Br. at 46. For support, Appellant cites *In re Lehman Bros. Holdings Inc.*, in which the court held that excusable neglect can exist "when the creditor . . . is justifiably confused or uncertain as to whether a particular transaction giving rise to a claim is or is not subject to the Bar Date order." *Id*. (citing 433 B.R. at 126).

The Bankruptcy Court did not abuse its discretion when it concluded that (1) allowing Appellant to file a claim well past the Bar Date would severely prejudice Appellee and have a substantial negative impact on the Chapter 11 proceeding,[4] and (2) that Appellant had not established excusable neglect. Bankr. Op. at 18. Accordingly, it denied Appellant leave to file a late proof of claim.

Appellant has not shown that the Bankruptcy Court abused its discretion. Appellant first sought leave to file a claim more than a year after the Bar Date and after the Plan had been confirmed. The "length of the delay" is significant, and courts have found that a delay of "more than three months" was "significant" enough for the length of delay to weigh against an

---

[4]    The Bankruptcy Court specifically noted that if Appellant were allowed to file a claim more than a year after the Bar Date and after Confirmation of the Plan, Appellee would "be forced to modify the Plan . . . [,] need to resolicit votes for the Plan, which is a costly endeavor given there are in excess of 800 creditors in the case . . . [and] it would disrupt the current Plan which was arrived at after significant time and expense was undertaken by the [Appellee]." Bankr. Op. at 18.

appellant. *In re 199 E. 7th St. LLC*, No. 17-CV-545, 2017 WL 2226592, at *2 (S.D.N.Y. May 19, 2017). Nor did Appellant provide a sufficient reason for the delay.[5] His confusion regarding the interplay of the NYSDHR proceedings with the bankruptcy does not clear the high bar of excusable neglect. Although Appellant is *pro se*, "ignorance of the law . . . is insufficient to demonstrate excusable neglect." *Vasquez v. Fredericks*, No. 15-CV-9528, 2021 WL 1579489, at *1 (S.D.N.Y. Apr. 22, 2021) (citation omitted). As stated, *supra*, in Part II, the notice of the Bar Date clearly explained that Appellant's claim was "disputed" and would be barred if he failed timely to file a claim. *Pro se* litigants are "required to inform themselves regarding procedural rules and to comply with them." *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008) (citation omitted).[6]

The Bankruptcy Court did not analyze the fourth *Pioneer* factor – whether the movant acted in good faith, but that would not have changed the outcome. Bankr. Op. at 19. In light of

---

[5]     This Court has found neglect to be excusable only in very rare circumstances. *See, e.g., Active Glass Corp. v. Architectural & Ornamental Iron Workers Loc. Union 580*, 899 F. Supp. 1228, 1231 (S.D.N.Y. 1995) (holding that an attorney's unexpected cancer and resulting illness supported a finding of excusable neglect).

[6]     Appellant's reliance on *In re Lehman Bros. Holdings Inc.* is misplaced. That case does not hold that a creditor's confusion constitutes "excusable neglect." Instead, it distinguishes the situation in which the creditor has an explanation for the delay in filing a proof of claim and a showing of excusable neglect. *In re Lehman Bros. Holdings Inc.*, 433 B.R. at 127. Here too, Appellant has an explanation for his delay, but he has not shown excusable neglect.

Appellant also argues that the pending NYSDHR proceedings constituted an informal proof of claim. Appellant Br. at 38. But the pendency of an action in a forum other than the bankruptcy court, whether dismissed or ongoing, does not constitute an "informal" or any other kind of proof of claim. *See Matter of Thomson McKinnon, Inc.*, 130 B.R. 721, 723 (Bankr. S.D.N.Y. 1991). To qualify as an informal proof of claim, a document "must have (1) been timely filed with the bankruptcy court and have become part of the judicial record, (2) state the existence and nature of the debt, (3) state the amount of the claim against the estate, and (4) evidence the creditor's intent to hold the debtor liable for the debt." *In re Residential Cap., LLC*, No. 12-12020, 2015 WL 2256683, at *10 (Bankr. S.D.N.Y. May 11, 2015) (quoting *In re Enron Creditors Recovery Corp.*, 370 B.R. 90, 99 (Bankr. S.D.N.Y. 2007)) (holding that a complaint filed in state court did not constitute an informal proof of claim because it was filed in state court and not bankruptcy court and because it did not become part of the bankruptcy court record until after the Bar Date). Because Appellant never filed a document with the Bankruptcy Court regarding the NYSDHR case and filed his claim more than a year after the Bar Date, the Bankruptcy Court properly held that the NYSDHR proceeding did not serve as a substitute for a timely-filed proof of claim. Bankr. Op. at 18–19.

the court's determination that Appellant failed to make a sufficient showing as to the "critical" *Pioneer* factor of the reason for the delay and inasmuch as the other *Pioneer* factors weighed against a finding of excusable neglect, the Bankruptcy Court did not abuse its discretion by not analyzing the fourth factor. *See In re N. New England Tel. Operations, LLC*, No. 09-16365, 14-CV-2187, 2014 WL 3952925, at *12 (S.D.N.Y. Aug. 12, 2014) (determination that good faith factor did not favor either party "clearly does not constitute abuse of discretion" where remaining three *Pioneer* factors weighed against finding of excusable neglect), *aff'd*, 795 F.3d 343 (2d Cir. 2015).

Because Appellant failed to show excusable neglect, the Bankruptcy Court did not abuse its discretion when it denied leave to file a late proof of claim.

## CONCLUSION

For the reasons discussed above, the Bankruptcy Court's order is AFFIRMED, and Appellant's appeal is DENIED.

**SO ORDERED.**

**Date: July 17, 2024**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**

11